UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6273-CR-HUCK

UNITED STATES OF AMERICA      )
                              )
        Plaintiff,            )
                              )
v.                            )
                              )
CARLOS GARCIA,                )
                              )
        Defendant.            )
_____)

### DETENTION ORDER

Before the Court is the government's motion to detain defendant **CARLOS GARCIA** prior to trial and until the conclusion thereof pursuant to 18 U.S.C. § 3142(e). Having heard evidence and considered the factors enumerated in Section 3142(g), the Court finds that no condition or combination of conditions will reasonably assure the safety of any other person and the community. Accordingly, the Court hereby orders that Carlos Garcia be detained prior to trial and until the conclusion thereof under the provisions of 18 U.S.C. § 3142(i).

### FINDINGS OF FACT

1. The defendant is charged with conspiring to violate the Racketeer Influenced and Corrupt Organizations Act (RICO) in violation of 18 U.S.C. § 1962(d) (Count 1), Conspiracy to Commit Murder in Aid of Racketeering in violation of 18 USC § 1959(a)(5) (Count 20), and Conspiracy to Participate in the Use of

Extortionate Means to Collect Extensions of Credit in violation of 18 USC § 894(a)(1)(Count 23).

    2.   Based on the Indictment of the Grand Jury, the Court finds that the defendant is charged with a crime of violence that has as an element thereof, the use, attempted use, or threatened use of force against the person or property of another as required by 18 U.S.C. § 3142(f)(1)(A). See 18 U.S.C. § 3156(a)(1)(4).

    3.   The weight of the evidence against the defendant **GARCIA** is substantial. In the instant case, the government conducted a two-year investigation utilizing not only cooperating witnesses but also electronic monitoring comprised both of court authorized wire-interceptions and consensual recordings. According to the government's proffer, on Saturday, March 20, 1999, sometime after 5:20 a.m. but before 3:43 p.m., co-defendant ARIEL HERNANDEZ murdered Jeanette Smith age 26, a dancer at a nearby strip club called Thee Dollhouse, in room 121 of the Olympia Villager Lodge Motel in Sunny Isles, Florida.

    A few days before Smith's murder, co-defendant FREDERICK J.MASSARO told a cooperating source that orders came down from up north to take care of some girl, a dancer, who was an informant for the FBI[1].

---

[1] According to the government there is no evidence that Smith was an FBI informant; however, the government proffered that Smith was involved with the counterfeit check scheme.

At approximately 3:43 p.m. on March 20, 1999, a court authorized interception recorded HERNANDEZ notifying MASSARO from the Olympia Villager Lodge Motel that a murder got messy and that he needed help in getting rid of the body. Subsequently intercepted conversations recorded MASSARO and HERNANDEZ planning the disposal of Smith's body and subsequently, the cover-up of MASSARO's involvement.

According to the government's proffer, another cooperating source will testify that, during the early morning hours of March 27, 1999, MASSARO met with defendant **GARCIA** at Beachside Mario's whereupon MASSARO told him, "that kid Ariel - he's no good anymore - he's got to go." As a result, during the early morning hours of March 27, 1999, defendant **GARCIA** and the cooperating source unsuccessfully tried to locate HERNANDEZ at various locations to kill him. The government proffers that this scheme is corroborated by several intercepted telephone calls from Beachside Mario's restaurant wherein defendant **GARCIA** was summoned by MASSARO to come to Beachside Mario's and within an hour or so later, HERNANDEZ called MASSARO and asked MASSARO why defendant **GARCIA** and another individual were looking for him. According to the cooperating source, MASSARO was going to pay defendant **GARCIA** for this service. On or about March 28, 1999, at approximately 11:00 a.m., and before the cooperating source and defendant **GARCIA** could carry out their plan to kill HERNANDEZ,

3

HERNANDEZ was arrested by the Broward Sheriff's Office for the murder of Jeanette Smith.

The Indictment alleges that defendant **GARCIA** was a member of the South Florida crew of the Gambino Organized Crime Family. The Indictment specifies that defendant **GARCIA** primarily assisted co-defendant FREDERICK J. MASSARO in collecting extensions of credit by extortionate means.

4. On July 24, 1999, defendant **GARCIA** was arrested by the North Miami Beach Police Department for Attempted First Degree Murder. According to the North Miami Beach Police Department case report introduced by the government, defendant **GARCIA** admitted that on July 23, 1999, he fired one shot from a shot gun at a vehicle in front of which an individual named "Cello" was standing. According to the report, this incident was precipitated by a fight between an acquaintance of defendant **GARCIA's** and another individual. Formal charges associated with this incident were never filed; however, in order to reasonably assure the safety of any other person and the safety of the community, the Court is required to take into account defendant **GARCIA's** past conduct and criminal history. 18 U.S.C. § 3142(g)(3)(A).

5. Based on the above, the Court finds by clear and convincing evidence that the defendant poses a danger to the community and no condition or combination of conditions would reasonably assure that safety of any other person or the

community.

Accordingly, the Court hereby ORDERS:

(a) That defendant **CARLOS GARCIA** be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

(b) That defendant **GARCIA** be afforded reasonable opportunity for private consultation with counsel; and

(c) That on order of a court of the United States, or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant **GARCIA** is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Miami, Florida, this 17th day of November, 2000.

BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE

cc: AUSA Jeffrey H. Sloman
    Albert Z. Levin, Esq.