

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 00-6273-CR-HUCK

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CARLOS GARCIA,

    Defendant.

_____/

## POSITION OF DEFENDANT WITH RESPECT TO SENTENCING FACTORS

**COMES NOW**, the Defendant, CARLOS GARCIA, and files this, his Position of Defendant with Respect to Sentencing Factors and would furthermore state as follows:

1.    The Defendant would object to paragraph 15 of the Presentence Investigation Report where it is indicated that Carlos Garcia was a member of the South Florida Crew of the Gambino Crime Family. Additionally, the Defendant would object to the factual assertion at said paragraph that he used threats of force and violence, and/or enlisted others to employ these threats to the persons and property of others in collecting extensions of credit which had been made. It is

1



USA V. CARLOS GARCIA
CASE NO.:01-6273 -CR-HUCK

respectfully submitted that Carlos Garcia at no time used any threats of force and/or violence toward individuals in collecting extensions of credit which had been made by co-defendants in this matter.

2. The Defendant would object to paragraph 23 of the Presentence Investigation Report, whereby it is asserted that Garcia agreed to commit the murder of Ariel Hernandez in order to gain entrance to or to increase his position in the enterprise. It is respectfully submitted that Garcia discussed the commission of this act with Massaro without any desire to be compensated either monetarily or to increase his position in the enterprise as stated at said paragraph.

3. The Defendant would object to paragraph 28 of the Presentence Investigation Report whereby it is asserted that Carlos Garcia assisted Massaro in collecting extensions of credit by extortionate means. At no time, was Garcia involved in the collection of extensions of credit by extortionate means. The only evidence to suggest any such activity by Garcia was an incident in 1999 when he and one, Frankie Valdez, drove Co-Defendant Massaro to an office building on 163rd Street in North Miami Beach, Florida. Garcia was merely present when Massaro had an apparent verbal altercation with an individual regarding a pending loan. However, Garcia did not know the details of the money which apparently was

USA V. CARLOS GARCIA
CASE NO.:01-6273 -CR-HUCK

owed to Massaro and furthermore, was unaware of any specific threat made to the debtor.

4. The Defendant would object to paragraph 37 of the Presentence Investigation Report and would respectfully submit that Defendant Garcia was convicted and entered into a plea agreement which encompassed his relevant conduct in this matter, that is a conspiracy to engage in violent crimes in aid of racketeering, in violation of 18 U.S.C. §1959(a)(5). At no time was it within the scope of Garcia's agreement to conspire to collect extensions of credit by extortionate means. Accordingly, the Defendant would object to paragraph 37 and would respectfully submit that paragraphs 45 through 63 should be deleted in that these computations encompass activities to which Garcia's relevant conduct does not include. Consequently, these matters should not be grouped and the Defendants adjusted offense level at paragraph 44 should be his correct offense level.

5. The Defendant would object to paragraph 41 of the Presentence Investigation Report and would respectfully submit that he is entitled to a two-level reduction to his offense level in that he played a minor role in this matter.

The Defendant would submit that he is entitled to a two-level adjustment for

USA V. CARLOS GARCIA
CASE NO.:01-6273 -CR-HUCK

his minor role with respect to this matter. In this Circuit, the case of ***United States vs. Rodriguez DeVaron*** 175 F.3d 930 (11th Cir. 1999), is controlling with respect to this Court's determination as to whether the Defendant qualifies for a minor role adjustment under this section of the guidelines with reference to conduct attributed to him in calculating his base offense level (See ***Rodriguez De Varon*** at page 940).

If this Court determines that the Presentence Investigation Report is accurate with respect to the grouping of the offense conduct as reflected at paragraphs 39-63, it is respectfully submitted that Garcia should be entitled to minor role consideration in that he would be held accountable for all conduct to which he is assessed responsibility for. To that end, under the analyses in ***Rodriguez De Varon***, this Court could find that compared to the conduct of the other defendants in this case, that his role could be determined to be minor. Initially, whether this Court finds that grouping is appropriate, the Court nonetheless can find that the Defendant played a minor role with respect to his involvement in this matter. It is respectfully submitted that Defendant Garcia's role can be considered minor in contrast with the role of his co-defendants and accordingly is entitled to minor role consideration. Consequently, the Defendant would respectfully submit that he should be entitled to

USA V. CARLOS GARCIA
CASE NO.:01-6273 -CR-HUCK

a two level downward adjustment for his role in this offense.

6.   The Defendant would object to paragraph 67 and would respectfully submit that the total offense level should be 23.

7.   Accordingly, the Defendant would respectfully submit that at paragraph 116 of the Presentence Investigation Report the total offense level should be 23 with a criminal history category of I, with a resulting sentencing guideline imprisonment range being 46-57 months.

8.   Attached hereto are letters directed to this Honorable Court by the mother, wife and cousin of Defendant Garcia.

**WHEREFORE**, the undersigned would respectfully request that this Honorable Court consider the above and foregoing in determining an appropriate sentence in this cause.

Respectfully submitted,

BY: _____
ALBERT Z. LEVIN
FLA. BAR NO.: 316581

USA V. CARLOS GARCIA
CASE NO.:01-6273 -CR-HUCK

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed this ___ day of January, 2002 to Lawrence D. LaVecchio, Esquire, and Jeffrey Sloman, Esquire, Assistant United States Attorneys 500 East Broward Boulevard, Seventh Floor, Ft. Lauderdale, Florida 33394 and Thomas E. Felasco, U.S. Probation Officer, U.S. Courthouse, 300 N.E. 1st Avenue, Room 315, Miami, Florida 33132.

Respectfully submitted,

Law Office of Albert Z. Levin, P.A.
888 Brickell Avenue
Sixth Floor
Miami, Florida 33131
Telephone: (305) 379-7101
Fax No.: (305) 372-0052

BY: _____
ALBERT Z. LEVIN

January 10, 2001

Your Honor:

I am Carlos E. Garcia's mother. I beg of you to give this 35 year old young man another chance. He had already successfully completed his drug rehabilitation program and was holding a job when he voluntarily made the decision to turn himself in so that he could clarify his situation and have a fresh start. As his mother, from the bottom of my heart, I appeal to yours so that my son can return home to his little boy and wife.

During my visits, I have noticed that he has clearly changed. He has matured, has learned the value of his family and wants to come home to go on with his life and become a good citizen. So I beg of you since ultimately it will be your decision, to be lenient and give him another chance. To see my son free with his family is my greatest wish.

Thank you for reading my letter and may God bless you.

Sincerely,

*Ada B. Garcia*
Ada B. Garcia
1021 SW 12th Avenue
Miami, Fl 33130
(305) 856-3061

I.D. produced: Personally known to me.

*Teresita Calcines*
Teresita Calcines
Notary at Large, State of Florida
My Commission Expires: September 21, 2003


TERESITA CALCINES
MY COMMISSION # CC 872579
EXPIRES: September 21, 2003
Bonded Thru Notary Public Underwriters

Enero 10 2000

Honorable Señor:

Yo soy la madre de Carlos E. García. Le ruego le de a este jóven de 35 años otra oportunidad. El ya había completado exitosamente el programa de Rehabilitación por Drogas y mantenía un trabajo cuando voluntariamente tomó la decisión de entregarse para así poder clarificar su situación y emprender un nuevo camino. Como su madre, desde el fondo de mi corazón, apelo al suyo para que mi hijo pueda regresar a su hogar con su pequeño hijo y su esposa.

Durante mis visitas, he notado claramente cuánto ha cambiado. Ha madurado, ha comprendido el valor de la familia y sólo quiere regresar a su hogar, rehacer su vida, y ser un buen ciudadano.

Gracias por leer mi carta
Que Dios lo bendiga    Ada B. García

January 10, 2002

Your Honor:

Just wanted to tell you that I feel that my husband Carlos E. Garcia deserves a chance to come home to his family. Everybody makes mistakes in their lives and I know that he has learned from this experience the value of family and life and know that he would never leave his four year old son. He has missed over a year of his life and we need him home so that this family can be complete.

He has worked a lot in the past two years to become a better person for himself and others, has completed a drug treatment program at the Village South, a drug treatment program with the DFC also an anger management program and parenting classes. I know that he will be a good citizen in the future. So, please your honor, give him a chance to start a new life.

I thank you for taking the time to read this letter.

Sincerely,

Bernardeth Horvath

I.D. Produced: Personally known to me

Teresita Calcines
Notary at Large, State Of Florida

My Commission Expires: September 21, 2003


TERESITA CALCINES
MY COMMISSION # CC 872578
EXPIRES: September 21, 2003
Bonded Thru Notary Public Underwriters

To Whom it may Concern
(Juje Haak)

I just want to tell you that I feel that my husband deserves a chance to come to his family. everybody makes mistakes in their lifes and I know that he learned from that I believe that my husband LEARNED the value of family and life. I know that he would never leave his 4 year old son. He has missed over a year of his life. my son and I need him home so does that the family can become complete he has worked a lot in the past 2 years to became a better person for himself and for others. He has completed DRUG treatment program at the Village South, he has also completed anger Village management and parenting and he did a drug course in the FDC course So I know that he would be a hones cityzen in the future so please honor plea give him a chance to start a new life And to be there for his family.

I thank you for taking the time to read this letter.

Sincerely,

Bernadett Horvath

BERNADETT HORVATH

I'm writting this letter behalf of

Carlos E. Garcia

January 11, 2002

Your honor:

I am Carlos Garcia's cousin and I do speak to him when I get a change and I'm very close to his mother and family.
I truly believe that hitting rock bottom has been quite an experience for him and has given him an opportunity to reflect on what his life has been and how lucky he is to have a family that cares about him.

I believe that given another chance, he will be a better human being, take care of his family and become a productive member of society since he's still young I think this can be achieved.

Sincerely,

Teresita Calcines
2460 SW 18th Avenue
Apt. 1102
Miami, Florida 33145
(305) 860-0490

January 11, 2002

Your honor:

I am Carlos Garcia's cousin and I do speak to him when I get a change and I'm very close to his mother and family.
I truly believe that hitting rock bottom has been quite an experience for him and has given him an opportunity to reflect on what his life has been and how lucky he is to have a family that cares about him.

I believe that given another chance, he will be a better human being, take care of his family and become a productive member of society since he's still young I think this can be achieved.

Sincerely,

*Teresita Calcines*
Teresita Calcines
2460 SW 18th Avenue
Apt. 1102
Miami, Florida 33145
(305) 860-0490